17

FORM nch13pln (08/07)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In re:

**ANDRES C QUINTERO JR**
1751 NORTH LITCHFIELD ROAD, #2157
GOODYEAR, AZ 85395
SSAN: xxx–xx–5875
EIN:

Debtor(s)

Case No.: 2:09–bk–25701–SSC

Chapter: 13

# FILED

NOV 0 5 2009

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

## NOTICE OF DATE TO FILE OBJECTION TO CHAPTER 13 PLAN

### OR MOTION FOR MORATORIUM ON PLAN PAYMENTS

   Notice is hereby given that the Debtor(s) have filed the enclosed or attached Chapter 13 Plan or Motion for Moratorium on Plan Payments. Pursuant to Local Rules 2084–9 and 2084–10, plan or motion confirmation is governed by the following procedures:

1.   Any objection by a creditor to the Plan or Motion must be in writing and filed with the Bankruptcy Court, and copies served on the following parties no later than ten (10) calendar days after the date set for the meeting of creditors or 25 days after service, whichever is later:

Address of the Bankruptcy Clerk's Office

Address of Trustee

Address of Debtor(s)

Addr

U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003–1727

RUSSELL BROWN
CHAPTER 13 TRUSTEE
SUITE 800
3838 NORTH CENTRAL AVENUE
PHOENIX, AZ 85012–1965

ANDRES C QUINTERO JR
1751 NORTH LITCHFIELD ROAD, #2157
GOODYEAR, AZ 85395

JOSEPH W. CHARLES
PO BOX 1737
GLENDALE, AZ 85311–1737

NUES ON NEXT PAGE – – –

*[handwritten: 11-04-09]*

*[handwritten: to Concern - He has past child S. Since Nov/2008 to the present - Nov/2009 Please revised Order Court is Consent Decree Dissolution Marriage anexo thanks AHD Margarito Quintero]*

(4) ***Claims Secured <u>Solely</u> by Security Interest in Real Property***. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. If interest is to be paid on the debt, then state such rate with the estimated arrearage amount. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's ***allowed*** proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| -NONE- | | | |

☐ See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property***. Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| -NONE- | | | | |

☐ See Section (J), Varying Provisions.

(6) ***Priority, Unsecured Claims***. All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full.

    (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage | Arrearage Through Date |
|---|---|---|
| -NONE- | | |

    (b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **Margarita Quintero** | Domestic support obligations | 6,000.00 |

☐ See Section (J), Varying Provisions.   *Past Child Support Page 4*

(7) ***Codebtor Claims***. The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| -NONE- | | |

☐ See Section (J), Varying Provisions.

(8) ***Nonpriority, Unsecured Claims***. Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

☐ See Section (J), Varying Provisions.

(D) **Lien Retention**. Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

☐ See Section (J), Varying Provisions.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

018013       8030401803 1039       11/06/2009

(E) **Surrendered Property**. Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. ***Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

Claimant
Vistana Scottsdale, Inc.

Property to be surrendered *Is Under up pro perty*
Sheridan Desert Oasis Timeshare
Scottsdale Pinnacle Condominium Unit number 2020  *Page 6 Consent Decree*

(F) **Attorney Application for Payment of Attorney Fees**. Counsel for the Debtor has received a prepetition retainer of $ **0.00** , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

■ (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $ **2,800.00** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- ☐ Review of financial documents and information.
- ☐ Consultation, planning, and advice, including office visits and telephone communications.
- ☐ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ☐ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ☐ Attendance at the § 341 meeting of creditors.
- ☐ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ☐ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☐ Responding to motions to dismiss, and attendance at hearings.
- ☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ☐ Drafting and mailing of any necessary correspondence.
- ☐ Preparation of proposed order confirming the plan.
- ☐ Representation in any adversary proceedings.
- ☐ Representation regarding the prefiling credit briefing and post-filing education course.

(b) **Additional Services**. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

- ☐ Preparation and filing of Modified Plan $___.
- ☐ Preparation and filing of motion for moratorium $___.
- ☐ Responding to motion to dismiss, and attendance at hearings $___.
- ☐ Defending motion for relief from the automatic stay or adversary proceeding $___.
- ☐ Preparation and filing of any motion to sell property $___.
- ☐ Other ___.

All other additional services will be billed at the rate of $___ per hour for attorney time and $___ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

☐ (2) **Hourly Fees**. For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $___ per hour for attorney time and $___ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting**. Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

**-NONE-**

☐ See Section (J), Varying Provisions.

4

018013     80304018031039                                                                     11/06/2009

2. The Trustee is to file a Recommendation within 25 days after the above date for creditor objections.

3. If creditors file no objections and the Trustee recommends confirmation or approval, the Court may confirm the Plan or grant the Motion without a hearing.

4. If a creditor files an objection and/or the Trustee does not recommend confirmation or approval, the Court may confirm a plan without a hearing, provided the Trustee and all objecting creditors agree to a stipulated confirmation order. If unable to so agree and stipulate, the Trustee or objecting creditor shall set the matter for hearing and provide notice to the Debtor(s) and each objecting party.

5. **For an original plan, the failure of a party in interest to timely file an objection to confirmation of the Plan or the granting of a motion for a moratorium shall constitute acceptance of the Plan pursuant to 11 U.S.C. Section 1325(a)(5)(A), and a waiver of the requirement under Section 1324 that the Court hold a confirmation hearing within 45 days after the date of the meeting of creditors.**

**Date: October 28, 2009**

**Address of the Bankruptcy Clerk's Office:**
U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003–1727
Telephone number: (602) 682–4000
www.azb.uscourts.gov

Clerk of the Bankruptcy Court:

**Brian D. Karth**

MICHAEL E. HURLEY, ESQ.
State Bar No. 1887
301 East Bethany Home Rd.,#A-222
Phoenix, Arizona 85012
Office: 602-230-9001
Fax: 602-277-4705
Email: michael.hurley@azbar.org
Attorney for Petitioner



COPY

FILED
9|30|09 @ 3:30pm.
MICHAEL K. JEANES, Clerk
By_____
Deputy

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In re the Marriage of: | NO. FC 2008-070890 |
| **MARGARITA QUINTERO**, | **CONSENT DECREE OF** |
| Petitioner, | **DISSOLUTION OF MARRIAGE** |
| and, | *(Assigned to the Hon. Harriet Chavez)* |
| **ANDRES QUINTERO, II**, | |
| Respondent. | |

This Consent Decree of Dissolution of Marriage is submitted in accordance with Rule 45, <u>ARFLP</u>. Petitioner **MARGARITA QUINTERO** ("Wife/Mother") appears by and through her counsel, Michael E. Hurley; Respondent, **ANDRES QUINTERO** ("Husband/Father"), appears by and through his counsel, Gregg R. Woodnick; the Parties Stipulate that this Consent Decree of Dissolution of Marriage is fair and equitable; and request that the Court enter same.

**THE COURT FINDS AS FOLLOWS:**

**1.** The Court has taken all testimony needed to enter this Consent Decree or the Court has determined testimony is not needed to enter this Consent Decree.

**2.** This Court has jurisdiction over the Parties under the law.

3. The terms of this Consent Decree are fair and reasonable under the circumstances and in the best interests of the minor children to wit: **ANDRES QUINTERO, III,** DOB: 12/05/1994; and **OMAR QUINTERO,** DOB: 01/10/1997, as to custody, parenting time and support.

4. The division of property and debt as herein set forth is fair and equitable.

5. At the time this action was filed, at least one of the Parties resided in the State of Arizona for more than 90 days prior thereto, or lived in Arizona while a member of the United States Armed forces for more than 90 days.

6. Neither party is in the military service.

7. More than 60 days have elapsed since the date of service on Husband.

8. The provisions relating to the Conciliation Court either do not apply or have been met.

9. The Parties have a non-covenant marriage.

10. The marriage is irretrievably broken.

11. The marital community has terminated by operation of law on the date of service of the Petition for Dissolution of Marriage upon Husband on September 19, 2008, by Acceptance of Service and Waiver of Formal Service.

12. An Order of Protection was filed on May 4, 2009, by Wife against Husband and is still in effect.

13. Wife is not pregnant.

14. The Parties agree that neither shall pay the other any spousal maintenance, in lieu of Husband agreeing that Wife shall be awarded Husband's 401(k).

15. The Parties agree that they intend to file separate bankruptcy petitions to discharge their debts. Husband shall pay Wife $1,500 forthwith to assist Wife in the filing of her bankruptcy petition.

16. Each Party has attended the Parent Information Program class.

2

**17.** Child support has been determined pursuant to the Arizona Child Support Guidelines and any deviation thereto is herein set forth.

**18.** Pursuant to Rule 45(B) 4, <u>ARFLP</u>, by their signatures hereto, the Parties agree as follows:

    **a.** The Parties agree to proceed by Consent;

    **b.** Each Party believes that no duress or coercion is involved;

    **c.** Each Party believes that the division of property and debt is fair and equitable;

    **d.** Each Party understands that he or she: **(i)** may retain or has retained legal counsel of his or her choice; **(ii)** is waiving the right to trial; and **(iii)** there is no affect on any existing protective order.

**19.** The Parties have entered into a joint custody parenting plan which complies with all provisions of <u>A.R.S.</u> §25-403.02. The Parenting Plain is in the children's best interests and is logistically possible. The joint custody parenting plan is incorporated herein by reference and made a part hereof and is filed herewith. The joint custody parenting plan provides:

    **a.** The Parents rights and responsibilities for the care of the children and for decisions in areas such as education, health care and religious training;

    **b.** A schedule of the physical residence for the children, including holidays and school vacations;

    **c.** A procedure by which proposed changes, disputes and alleged breaches may be mediated or resolved, which may include the use of conciliation services or private counseling;

    **d.** A procedure for periodic review of the Plan's terms by the Parents;

    **e.** A statement that the Parties understand that joint custody does not necessarily mean equal parenting time;

Based on the foregoing findings and good cause appearing therefrom, it is:

3

**ORDERED, ADJUDGED AND DECREED:**

**1. DISSOLUTION:** The Marriage of the Parties is dissolved and the Parties are restored to the legal status of single persons.

**2. CUSTODY:** Both Parties are fit and proper persons to have the care, custody and control of the Parties' minor children. The Parties have entered into a joint custody and parenting plan, which is incorporated herein by reference and filed herewith. The Parties shall have joint legal custody and control of their minor children with Wife designated as the primary residential parent.

**3. CHILD SUPPORT:** Father shall pay child support to Mother in the amount of ~~$1,150.00~~ $1034 per month, commencing July 1, 2009; payable through the Support Payment Clearinghouse, P.O. Box 52107, Phoenix, Arizona 85072-2107; pursuant to wage assignment. The Parties acknowledge that the child support amount is based upon the Child Support Guidelines of this Court set forth in the Parents Worksheet for Child Support filed herewith. The child support shall continue until each child reaches the age of majority, is emancipated or deceased. If a child reaches the age of majority while attending high school or a certified high school equivalency program, support shall continue to be provided during the period in which the child is actually attending high school or the equivalency program but not beyond the child's nineteenth (19) birthday. Father shall be responsible for making any payments directly to the Support Payment Clearing House until the wage assignment becomes effective.

**4. PAST CHILD SUPPORT ARREARAGES:** Judgment is rendered in favor Mother against Father for past support in the amount of $6,000 to be paid by Father at the rate of $100 per month, commencing July 1, 2009, until paid in full. Judgment shall bear interest at the rate of 10% per annum until paid in full. The wage assignment shall be issued to Father's employer to

4

withhold and pay the regular child support amount of $1,150 per month, in addition to the past support amount of $100, for a total of $1,250 per month.

**5. HEALTH AND DENTAL INSURANCE FOR MINOR CHILDREN:** Father shall pay and maintain the medical/dental/health care insurance for the minor children currently in effect through his employer. Father shall keep Mother informed of the insurance company name, address and telephone number, and must give Mother the documents necessary to submit insurance claims.

With regard to payment of medical, health and/or dental expenses which are not covered by insurance, Mother is ordered to pay 32% thereof, and Father is ordered to pay 68% thereof. The terms "medical," "health" and/or "dental" expenses as used in this paragraph include, but are not limited to the following types of health care expenses for the minor children of the Parties: medical, health care, optical, dental, prescription, orthodontia, therapy/counseling expenses and the deductible and co-pay insurance amounts for the children.

The Party who initially pays the medical, health or dental expense not covered by insurance shall be entitled to reimbursement from the other Party within 30 days of the date of the presentment of the medical provider's statement indicating payment as long as such demand is made within 30 days by the Parent incurring or satisfying the expense. If payment is not made within 30 days, the demanding Party should be entitled to interest on the amount due at the rate of ten percent (10%) per annum.

**6. TAX EXEMPTION FOR MINOR CHILDREN:** Mother shall claim the child OMAR QUINTERO each year and Father shall claim the minor child, ANDRES QUINTERO, III, each year. Father may only claim Andres if he is current in his child support obligation for the tax year claimed.

5

11/06/2009

e.  The real property located at 10453 West Palm Lane, Avondale, Arizona 85323, more legally described as:

> Lot 38, of RYLAND AT HARBOR SHORES, according to the plat of record in the Office of the County Recorder of Maricopa County, Arizona, recorded in Book 512 of Maps, Page 35.
>
> Tax Parcel I.D. No.  102-31-165-2.

f.  Husband shall pay Wife $1,500 forthwith to assist Wife in filing her bankruptcy petition.

g.  Wife's interest in any stock plan, IRA, KEOGH, 401(k),  union benefits, or any other retirement, pensions, military pensions or profit sharing plan or any other described deferred compensation plan with any past or present employer of Wife;

h.  Husband's Teamster UPS National 401(k) Tax Deferred Savings Plan, Plan, in the amount of $16,334.26; being Plan No. 0006009 ("Prudential Insurance Retirement").

i.  All personal property, furnishings, appliance and/or works of art in the physical possession of the Wife;

j.  All personal effects, clothing or items of personal adornment and all jewelry which are customarily used and/or worn by Wife;

k.  Cash in Wife's possession;

l.  Any balances on any and all accounts solely in Wife's name in any financial institutions;

m.  All interest in any insurance on the life of Wife or policy owned by Wife on the life of others;

n.  Any savings bonds, annuities, stocks, and/or certificates of deposit in Wife's name or  possession; and

11/06/2009

**o.** All assets acquired solely in Wife's name after the Parties' separation, not otherwise mentioned herein.

- Wife shall assume, pay and indemnify Husband and hold Husband harmless from any lien or encumbrance due on such identified property and assets, any liability or obligation arising out of or in connection with the same and any tax liability which may be associated with ownership of or the sale or transfer of such property or assets to any third party.

**Property to Husband:** Wife does assign, grant, convey, transfer and/or confirm to Husband as his sole and separate property, the following property and assets:

**a.** Motor Vehicle: 2008 Kia Rio;

**b.** All personal property, furnishing, appliances, and/or works of art which are in the physical possession of Husband;

**c.** All personal effects, personal clothing, or items of personal adornment and/or jewelry which are customarily used and/or worn by Husband;

**d.** Cash in Husband's possession;

**e.** Any balances on any and all accounts solely in Husband's name in any financial institutions;

**f.** All interest in any insurance on the life of the Husband or policy owned by the Husband on the life of others;

**g.** Any savings bonds, annuities, stocks and/or certificates of deposit in Husband's name or possession;

**h.** All assets acquired solely in Husband's name after the Parties' separation not otherwise mentioned herein.

Husband shall assume and pay, and indemnify the Wife and hold Wife harmless from any lien or encumbrance due on such identified property and assets, any liability or obligation

8

7. **SPOUSAL MAINTENANCE:** In lieu of spousal maintenance, in which Wife would normally be entitled to pursuant to A.R.S. §25-319(A), Wife shall be awarded any 401(k), deferred comp, or pension plan currently in her name through her employer or past employer(s). In addition, Wife is awarded 100% of Husband's 401(k), described as the Teamster UPS National 401(k) Tax Deferred Savings Plan, Plan No. 0006009, which has a balance as of August 08, 2009, in the amount of $16,334.26. In the event a Qualified Domestic Relations Order ("QDRO") is required, the Parties shall cooperate in the preparation. The cost of the preparation of the QDRO's shall be equally divided 50% Husband and 50% Wife. Further, this Court shall retain jurisdiction to enter QDRO's at such time as they have been prepared. *Husband shall be awarded his entire Pension through UPS/Teamsters. A.J.S.*

8. **DIVISION OF PROPERTY:** The Parties intend to dispose of all community, joint and common property acquired subsequent to the date of their marriage, as well as all property held as tenants in common or in joint tenancy which may have been acquired prior to their marriage. The division of property and assets as herein provided has been made as an equitable division of all existing community, joint and common property. In addition, the Parties have, where applicable, confirmed that certain assets are the sole and separate property of the other Party.

**Real Property:** The marital residence of the Parties located at 12602 West Avalon Drive, Avondale, Arizona 85232, is currently in foreclosure. In the event the foreclosure proceeds as scheduled, the Parties agree to be equally obligated on any deficiency debt, if enforceable.

**Property to Wife:** Husband does assign, grant, convey, transfer and/or confirm to Wife as her sole and separate property, the following personal property and assets:

a. Motor Vehicle #1: 2007 Kia Rio

b. Motor Vehicle #2: 2007 Kia Rio

c. Motor Vehicle #3: 2003 GMC Envoy

d. The Sheraton Time Share, Scottsdale, Arizona

6

arising out of or in connection with the same and any tax liability which may be associated with the ownership of or the sale or transfer of such property or assets to any third party.

## 9. PAYMENT OF DEBTS, OBLIGATIONS AND LIABILITIES:

**Community Debts:** Wife and Husband agree that any community debts in both Wife's name and Husband's name shall be divided equally between them, 50% Wife and 50% Husband.

### Wife's Debts:

In addition to any debts, obligations, or liabilities assumed by Wife as set forth in this Consent Decree of Dissolution, Wife shall assume, and pay, and hold Husband harmless as her sole and separate obligations, the following:

**a.** All debts, obligations and liabilities incurred personally by Wife which are not otherwise referred to and/or disposed of in this agreement, including, but not limited to all debts, obligations, and liabilities incurred personally by Wife on or after the date of the separation of the Parties; and

**b.** All debts, obligations and liabilities of any kind or nature whatsoever associated with or arising out of or in connection with those assets identified in Paragraph 8.

### Husband's Debts

In addition to any debts, obligations, or liabilities assumed by Husband as set forth in this Consent Decree of Dissolution, Husband shall assume, pay, and hold Wife harmless, as his sole and separate obligations, the following:

**a.** All debts, obligations and liabilities incurred personally by Husband which are not otherwise referred to and/or disposed of in this agreement, including, but not limited to all debts, obligations, and liabilities incurred personally by Husband on or after the date of the separation of the Parties; and

**b.** All debts, obligations, and liabilities of any kind or nature whatsoever associated with or arising out of or in connection with those assets identified in Paragraph 8.

**10. <u>EXECUTION OF DOCUMENTS</u>:** Each Party shall, at any time, execute and deliver all instruments, conveyances, authorizations and all other documents or assigns reasonably required or necessary to actuate any conveyance of any property, real or personal, for the purpose of giving full effect to this Consent Decree of Dissolution of Marriage; provided, however, that neither party shall be required to assume a liability for the payment of any monies for any liability other than expressly provided for herein.

**11. <u>EXCHANGE OF FINANCIAL INFORMATION</u>:** Every twelve (12) months, commencing on the anniversary date of the entry of this Consent Decree, the Parties shall exchange financial information, including tax returns and current payroll statements. At the time the Parties exchange financial information, they also shall exchange their current residential addresses and the names and addresses of their employers.

**12. <u>TAX RETURNS</u>:** The Parties shall file a joint tax return for the year 2008. The Parties shall be entitled to one-half of any refund. However, Husband shall pay his one-half of his refund to Wife in payment of the child support arrearages referred to in Paragraph 4 herein.

**13. <u>JUDGMENT AND DECREE AS DEED, TRANSFER AND VALID INSTRUMENT</u>:**

This Consent Decree of Dissolution is intended to be and shall be deemed a sufficient deed, conveyance, assignment, transfer and bill of sale of right, title, interest, claim and demand of every nature covered by this Judgment and Consent Decree. This document may be filed and/or recorded as a valid instrument. This provision, however, is not in lieu of each Party executing all documents necessary to accomplish the terms of this Judgment and Consent Decree of Dissolution of Marriage as set forth in the paragraph entitled "Execution of Documents" or elsewhere herein.

11/06/2009

**14. ADVICE OF COUNSEL:** Each Party has had the opportunity to seek and receive the advice of independent separate legal counsel with regard to the issues presented by this case. Wife is represented by Michael E. Hurley, and has sought and received his advice. Husband is represented by Gregg R. Woodnick, of the Law Firm of Lon S. Taubman, P.C., and has sought and received his advice.

Each of the Parties have given full and extensive thought to the execution of this Consent Decree of Dissolution of Marriage and to the obligations, provisions and covenants imposed upon each of them by the terms of this Judgment and Consent Decree. Each of the Parties understands and agrees that the terms and provisions of this Judgment and Consent Decree are assumed with the express understanding that they are in full and complete satisfaction of any and all obligations and/or claims which either of the Parties may have against the other.

**15. ATTORNEYS' FEES AND COSTS:** Each Party shall assume and pay his or her own attorney's fees and costs.

DATED this 24 day of September , 2009.

The remainder of this page left intentionally blank

11

# APPROVED AS TO FORM AND CONTENT

By signing below, in the presence of a Deputy Clerk of the Court or Notary Public, I swear or affirm that everything in this document is true and correct to the best of my knowledge, information and belief.

_____
**MARGARITA QUINTERO**, Petitioner/Wife

_____
**ANDRES QUINTERO, II**, Respondent/Husband

SUBSCRIBED AND SWORN to before me this 24 day of September, 2009, by **Margarita Quintero.**

_____
Notary Public



OFFICIAL SEAL
LILLIAN R. AVILA
NOTARY PUBLIC State of Arizona
MARICOPA COUNTY
My Comm. Expires June 11, 2010

My C...

SUBSCRIBED AND SWORN to before me this 17th day of September, 2009, by **Andres Quintero, II.**

_____
Notary Public

My Commission Expires:

C. A. WALLACE
Notary Public—Arizona
Maricopa County
Expires 02/28/2013

12

11/06/2009

Pursuant to Rule 81, <u>ARFLP</u>, this final Judgment and Decree is settled, approved and signed by the Court and shall be entered by the Clerk.

MICHAEL E. HURLEY

By: _[signature]_
Michael E. Hurley
301 E. Bethany Home Rd. #A-222
Phoenix, Arizona 85012
(602) 230-9001
Attorney for Petitioner

LON S. TAUBMAN, P.C.

By: _[signature]_
Gregg R. Woodnick
2600 North Central Avenue #1760
Phoenix, AZ   85004
(602) 266-9552
Attorney for Respondent

**DONE IN OPEN COURT** this 29th day of _September_, 2009.


HARRIETT E. CHAVEZ
_____
Judge of the Maricopa County Superior Court

11/06/2009